Russel, J.
A habeas corpus was allowed, directed to the Commissioners of the Metropolitan Police—commanding them to bring before the city judge of the city of New York, at his chambers, Joseph A. Solomans, and O. Pohaloko, whom, it was alleged, they had in custody, and to exhibit the cause of their detention.
They were brought before him, and the officers returned that they had them in custody by virtue of a warrant, issued by the governor of this State; which return was traversed by the prisoners, and a copy of the affidavit on which the warrant was allowed, was annexed to said traverse: by which lit appeared, that it was sworn to before a justice of the peace, in New Orleans, and there was a certificate of the secretary of State of Louisiana, certifying that he was a justice of the peace, and that his attestation was in due form of law.
The Constitution of the United States provides that a person charged in any State with treason, felony, or other crime, who shall flee from justice, and be found in another State, *348 shall, on demand of the executive authority of the State from which he fled, he delivered up, to be removed to the State having jurisdiction of the crime (Constitution U. S., art. 4, § 2).
Congress has defined what forms of process are necessary to carry out or enforce that provision, and how the same are to be certified.
By the act of Congress framed February 12th, 1793 (1 Brightly's Digest Laws U. S., 293) it is enacted : “ Whenever “ the executive authority of any State in the Union, or of “ either of the Territories, shall demand any person as a fugitive “ from justice, of the executive authority of any such State “ or Territory, to which such person shall have fled, and shall “ moreover produce the copy of an indictment found, or an “ affidavit made before a magistrate of any State or Territory “ as aforesaid, charging the person so demanded with having “ committed treason, felony, or other crime, certified as authen- “ tic by the governor or cLie magistrate of the State or Ter- “ ritory from, whence the person so charged fled, it shall be “ the duty of the executive authority of the State or Territory “ to which such person shall have fled, to cause him or her to “ be arrested and secured, and notice of the arrest be given “ to the executive authority making such demand, or to the “ agent of such authority appointed to receive the fugitive; “ and to cause the fugitive to be delivered to such agent, ■“ when he shall appear.”
This act is summary in its effect, and must be strictly complied with; otherwise, a warrant issued under it would be absolutely void.
In order to give the governor of this State jurisdiction, three things are requisite. ■ .
First. The fugitive must be demanded by the executive of the State from which he fled.
Second. A copy of an indictment found, or an" affidavit made before a magistrate charging the fugitive with having committed the crime.
Third. Such copy of the indictment or affidavit mqst be certified as authentic by the executive. If all these prerequisites have been complied with, then the warrant of the governor was properly issued, and the prisoners are legally restrained of their liberty. We must look at the return to *349 the habeas corpus, and the 'traverse, in order to ascertain whether these provisions have been complied with. By which traverse to said return it appears, and it is not denied, that an affidavit charging the said prisoners with getting money under false pretences, with the intent to cheat and defraud the firm of Harlam J. Phelps & Co., in New Orleans, in the State of Louisiana, was presented to the governor of the State of New York.
But it is denied, and appears from the certificate of the Secretary of State of New York, certifying to • copies of said affidavit so presented to the governor as áforesaid:—
That said affidavits were not authenticated in accordance with the said act of Congress, by the executive of the State of Louisiana; and consequently there has not been a compliance with the Constitution and laws of the United States, and the governor of the State of New York had no legal authority to issue his warrant to arrest the said prisoners, and to direct that they be delivered over to the agent of the State of Louisiana (9 Wend., 220; 7 Law R., 386). There are other questions raised on the face of the warrant of the executive of the State of New York, which it is unnecessary to pass on.
I am of opinion that the proceedings are irregular ; and that the prisoners are not legally in custody of the officers; and do direct that they be discharged.